IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Norris Bradley, | ) C/A No. 8:06-0511-MBS-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **Report of Magistrate Judge** |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |
| | ) |

  This matter is before the court because of the plaintiff's failure to comply with the proper form order issued in this case on August 7, 2006. (Docket Entry 8). The plaintiff was ordered to submit items needed to render this case into proper form within twenty days, and was specifically informed that this would be his final opportunity to do so. Further, he was informed that if he failed to do so, this case could be dismissed.

  The mail in which the order was sent to the plaintiff at the address provided when the case was filed has not been returned to the Court, the plaintiff has failed to respond to the order, and the time for compliance has now passed. The plaintiff's failure to respond to the order indicates an intent not to prosecute this case. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1) the degree of plaintiff's responsibility in failing to respond;

    (2) the amount of prejudice to the defendant;

    (3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978).  In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no response has been filed to the court's order.  The undersigned concludes the petitioner has abandoned his lawsuit.  No other reasonable sanctions are available.

Accordingly, it is recommended that the United States District Court dismiss this case without prejudice.  Fed.R.Civ.P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(holding dismissal with prejudice appropriate where warning given).

## CONCLUSION

Wherefore, it is RECOMMENDED that this habeas petition be DISMISSED pursuant to Fed. R. Civ. Proc. 41(b).

IT IS SO RECOMMENDED.


                                                         s/Bruce H. Hendricks
                                                         United States Magistrate Judge

October 2, 2006
Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

2

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &

# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976); and *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and *Oliverson v. West Valley City*, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In *Howard*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. . . . A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"); and *Goney v. Clark*, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*,; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes,
Clerk United States District Court
Post Office Box 10768
Greenville, South Carolina 29603